**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA


v.                                        Case No. 8:20-cr-307-SDM-TGW


LUIS HERNANDO HURTADO RENTERIA
_____/

**SENTENCING MEMORANDUM**

**Introduction**

The Defendant, LUIS HERNANDO HURTADO RENTERIA, submits this Memorandum and adopts the facts, arguments, and conclusions of the following previously filed documents with this court, including, the presentence investigation report ("PSR") (Doc. 184).

The Sefendant, Mr. Hurtado Renteria, by and through his undersigned counsel, respectfully comes before this Honorable Court having pleaded guilty to one count of Conspiracy to Distribute and to Possess with Intent to Distribute Five Kilograms or More of Cocaine While Aboard a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§70503(a) and 70506(a) and (b), and 21 U.S.C. §960(b)(1)(B)(ii). The defendant plead guilty because he admits his involvement in this offense.

Further, this Memorandum may assist the Court in identifying and analyzing various factors relevant to this Court's determination of an appropriate sentence. This Memorandum will: 1) provide a general statement of law regarding appropriate sentencing considerations; 2) analyze the relevant

sentencing factors under 18 U.S.C. § 3553; and 3) conclude with a request for a downward variance from the recommended sentencing guideline calculation.

## General Statement of Law

As a result of the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), sentencing courts are no longer constrained solely by the federal sentencing guidelines and must now consider each of the factors enumerated in 18 U.S.C. § 3553(a) to fashion an appropriate sentence. An appropriate sentence is one that is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). <u>Kimbrough v. United States</u>, 552 U.S. 85, 101 (2007). The advisory sentencing guideline range is but one of many relevant factors in the sentencing court's determination of an appropriate sentence. 18 U.SC. § 3553(a).

## Relevant Sentencing Factors Under 18 U.S.C. § 3553

When determining an appropriate sentence under 18 U.S.C. § 3553, the court must consider:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed–

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     [the applicable Sentencing Guidelines];
        . . .
(5)     any pertinent [Sentencing Guidelines] policy statement
        . . .
(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

For an accurate factual basis, sentencing guidelines calculation, and relevant arguments for departure, please see the presentence investigation report (Doc. 184). Additionally, post Booker, this Court can fashion any sentence that is sufficient to comply with the purposes set forth 18 U.S.C. 3553(A)(2) and discussed above.

For the purposes of error preservation, the undersigned requests a two-level reduction for minor role based upon United States v. De Varon, 175 F.3d 930 (11th Cir. 1999). The undersigned makes this request with the understanding that the minor role adjustment is completely discretionary. The request is made, nonetheless.

In terms of adjustments, the PANEX agents were able to debrief the Defendant in this case. On 5 October 2023, the Defendant was debriefed by agents. A copy of the report can be produced in court. The Defendant was cooperative in his discussion with agents.

It is the undersigned's understanding that the truthful debrief and low criminal history points allows this Court to find the Defendant has qualified for

"safety valve" and, therefore, bust the mandatory minimum of 10 years if this Court so finds.

Additionally, the Defendant was deemed incompetent for approximately two (2) years. He was restored to competency, plead guilty, and accepted responsibility. The Defendant spent 24 months in custody at Ft. Butner (and in a federal facility in Colorado). He was restored to competency.

Co-Defendant, Gomez, plead, and received 168 months incarceration followed by 60 months of supervised release. Co-defendant, Garces, plead, and received 108 months followed by 60 months of supervised release. The undersigned assumes that the difference in sentence is due to Gomez being the captain of the boat.

The Defendant requests a sentence commiserate with the sentences handed down to the co-defendants. The Defendant also requests that this Honorable Court consider the time that the Defendant was incompetent. Prior to his finding of incompetence, the Defendant wanted to plead, but because of the undersigned's professional responsibilities was not able to because the incompetence issue. It is the Defendant's hope that this Honorable Court consider the 24 months that the Defendant spent in competency restoration in sentencing the Defendant (and he requests a downward variance to account for the difference).

### Conclusion

The Defendant believes that he should be sentenced on towards the lowest end of the applicable range. The Defendant has continuously been in

custody since his detention and arrest at sea. The Defendant respectfully requests for a sentence that reflects the need to be punished but considers the conduct of his co-defendants in determining a proper sentence.

WHEREFORE, the defendant respectfully requests the relief stated above for the reasons and arguments stated above.

DATED this 18 October 2023.

CANDELA LAW FIRM, P.A.
Attorney for Defendant
10312 Bloomingdale Ave Ste 108-170
Riverview FL 33578
Office:        (813) 417-3645

ANTHONY M. CANDELA, Esquire
Board Certified Criminal Trial
Florida Bar No: 0332010
Primary E-mail:
service@candelalawfirm.com
Secondary E-mail:
tony@candelalawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18 October 2023, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send a notice of the electronic filing to: AUSA Ashley Hayes

ANTHONY M. CANDELA, Esquire
Counsel for the Defendant